Renault ROBINSON, et al., Plaintiffs,

v.

James M. ROCHFORD, et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

CITY OF CHICAGO, Defendant.

Nos. 70 C 2220, 73 C 2080.

United States District Court, N.D. Illinois, E.D.

July 29, 1988.

### MEMORANDUM ORDER

PRENTICE H. MARSHALL, District Judge.

The purpose of this memorandum order is to review, and, to the extent necessary,

rule upon the motion of the Robinson plaintiffs for a rule to show cause why the City of Chicago and subsequently the Retirement Board of the Policemen's Annuity and Benefit Fund should not be held in contempt of court for alleged violations of the order entered June 30, 1983 as thereafter amended August 4, 1983 in *Robinson, et al. v. Rochford (formerly Conlisk), et al.,* 70 C 2220. Lodge 7, Fraternal Order of Police, has also entered the fray, from time to time. The motion for rule to show cause was originally filed on or about May 13, 1986. An evidentiary hearing was held November 24, 1986. We thought the matter was resolved on December 8, 1986. But on January 11, 1988 the Robinson plaintiffs renewed their motion (the renewal having been filed December 18, 1987) and on April 4, 1988, another renewal was presented. In the meantime, an agreed order was entered March 31, 1987 with respect to the personal claims of plaintiff Renault Robinson and on June 21, 1988 a stipulation for dismissal of the Robinson plaintiffs March 17, 1988 (sic) motion to show cause was submitted and an order was entered, "by stipulation of parties, Robinson plaintiffs' motion to show cause why the City of Chicago should not be held in contempt of this Court's June 30, 1983 decree is hereby dismissed."

To say that the record is in a state of confusion is an understatement.

The Robinson plaintiffs' initial motion for a rule to show cause with supporting exhibits was filed May 13, 1986. It sought promulgation of an Amended Special Department Order 81–8 embodying the first amendment rights and privileges of the Afro American Police League and its members which had been articulated in an alleged agreed order of June 30, 1983. The motion also sought an order directing the City to deduct automatically League dues from the payroll of a member of the League who directed such deduction. Finally it sought pension relief for Howard Saffold, Frank Lee and Edgar Gosa in respect to leaves of absence they had taken from the Chicago Police Department for League activities and other activities with The League To Improve The Community (a federally funded program to combat crime in lower income communities in Chicago).

The Fraternal Order of Police, which had intervened in 73 C 2080, filed objections to the automatic payroll deduction request, asserting that that was a collective bargaining privilege which belonged exclusively to the Fraternal Order of Police.

The City of Chicago responded that it was honoring the first amendment rights of the Afro–American Police League and no showing of a violation of the terms of the June 30, 1983 decree had been made. Insofar as the dues deduction issue was concerned, it took the position that it could not disregard its contract with the Fraternal Order of Police and pointed out that a subsequent amendment to state law gave the dues checkoff privilege exclusively to the exclusive bargaining representative of the sworn officers below the rank of sergeant and that is the Fraternal Order of Police. Finally with respect to the pension rights of Messrs. Saffold, Lee and Gosa, it took the view that that was a matter between them and the Retirement Board of the Policemen's Annuity and Benefit Fund.

Thereupon the Robinson plaintiffs amended their petition to join the Retirement Board and summons issued to that effect. In addition, on November 20, 1986 Renault Robinson obtained leave to file his individual petition with respect to his pension benefits.

The matter came on for an evidentiary hearing on November 24, 1986. On December 1, 1986, additional evidentiary materials were presented through the affidavits of Howard Saffold and Renault Robinson. On December 8, 1986, we entered an order disposing of the motion for rule to show cause. That order stated, inter alia, "the court has been advised that the allegations regarding the first amendment rights and privileges of the Robinson [Afro–American Police League] plaintiffs and the automatic payroll deductions of the Afro–American Police League have been resolved." We went on to state, "for the reasons stated in open court, the court finds the issues in favor of the respondents [i.e., the City of

Chicago and the Retirement Board of the Policemen's Annuity and Benefit Fund] on the allegation that they have denied pension rights to petitioners in violation of the final order of June 30, 1983 and, accordingly the motion for a rule to show cause is denied. The court declines to rule on the state law issues raised by the motion and remits the parties to their state court remedy."

We thought that ended the matter. Evidently it did not.

On March 31, 1987, an order agreed to by counsel for Renault Robinson, counsel for the City of Chicago and the Chicago Police Department and counsel for the Retirement Board of the Policemen's Annuity and Benefit Fund for the City of Chicago was submitted to us which resolved all of Renault Robinson's pension disputes. We signed and entered that order. Nothing has been submitted to suggest that Mr. Robinson still has a dispute with the City or the Retirement Board.

On December 18, 1987, the Robinson plaintiffs filed a motion for the entry of judgment on their motion for rule to show cause why the City should not be held in contempt and to enforce the June 30, 1983 final order. That motion was noticed up for January 11, 1988.

That motion renewed the Robinson plaintiffs' assertions that the Chicago Police Department was not recognizing the first amendment rights and privileges detailed in the June 30, 1983 order and was not honoring a request for automatic payroll deductions with respect to Afro–American Police League dues. The order sought promulgation of a special department order that details the rights of League members and directions for automatic payroll deductions.

There followed a flurry of correspondence between counsel for the Robinson plaintiffs and counsel for the Fraternal Order of Police, copies of which were sent to us. Then on January 12, 1988, counsel for the Robinson plaintiffs filed a letter from the Executive Director of the Retirement Board rejecting a portion of Howard Saffold's claim because he had run for public office while he was serving as President of the Afro–American Police League. The letter also made reference to a request by counsel to appear before the Board on behalf of Frank Lee and Edgar Gosa.

On March 17, 1988 counsel for the Robinson plaintiffs filed a motion for rule to show cause why the City should not be held in contempt, alleging that the immediately foregoing denial of pension benefits to Mr. Saffold constituted a violation of the June 30, 1983 order. That motion was noticed for presentation on April 4, 1988.

On June 21, 1988, a stipulation was presented to us signed by counsel for the Robinson plaintiffs and an Assistant Corporation Counsel reciting that the Retirement Board had held a special meeting on June 14, 1988 "in which it voted to give Howard Saffold, as President of the Afro–American Police League, credit for the period November 4, 1974 to November 4, 1975. It is hereby stipulated between the parties that the Robinson Plaintiffs Motion to Show Cause Why the City of Chicago Should Not Be Held in Contempt of this Court's June 30, 1983 decree is hereby dismissed." As previously noted, we accepted that stipulation and on June 21, 1988 entered an order, "by stipulation of parties, Robinson plaintiffs' motion to show cause why the City of Chicago should not be held in contempt of this Court's June 30, 1983 Decree is hereby dismissed."

Certainly our order of December 8, 1986, the order relating to Renault Robinson's pension claims entered March 31, 1987, and this most recent order have disposed of all pending matters. But one never knows in this litigation.

At the risk of redundancy, the motion of the Robinson plaintiffs for a rule to show cause is denied for the following reasons:

1. The claims of Renault Robinson and Howard Saffold for pension rights have been resolved and they are moot.

2. The claims of Frank Lee and Edgar Gosa for pension rights are denied without prejudice to their pursuit of their state and local remedies.

**1164**

3. The prayer for an order on the City (and the Chicago Police Department) to adopt an order expressly incorporating the first amendment rights of the Afro-American Police League is denied. There has been no showing that those rights have been infringed.

4. The prayer for an order directing the City of Chicago to make payroll deductions with regard to Afro-American Police League Dues is denied. That collective bargaining privilege has been committed exclusively to the Fraternal Order of Police.